UNITED STATES DISTRICT COURT     SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas
**ENTERED**
December 21, 2021
Nathan Ochsner, Clerk

| | |
|---|---|
| Tam Hoang, | § |
|           Plaintiff, | § |
| *versus* | §    Civil Action H-19-1971 |
| Microsemi Corporation, *et al.*, | § |
|           Defendants. | § |

## Opinion on Summary Judgment

1.    *Background.*

Microsemi Corporation and Microchip Technology, Inc., design and make semiconductors globally.

Microsemi hired Tam Hoang as a system engineer in 1990. It later promoted him to engineering manager and to systems development manager.

In May 2017, Microsemi hired David Sheffield as the Quality Assurance director – Hoang's supervisor.

In January 2018, Microsemi fired Hoang after reorganizing its group structure. At the time, Hoang was a 58-year-old Vietnamese, East-Asian man.

On May 31, 2019, Hoang sued Microsemi and Microchip for: (a) national origin and race discrimination under 42 U.S.C. § 1981, Title VII of the Civil Rights Act, and the Texas Commission on Human Rights Act; and (b) age discrimination under the Age Discrimination Employment Act and TCHRA. Microsemi has moved for summary judgment. It will prevail.

2. *Prima Facie Case.*

   A. *Race and National Origin Discrimination.*

To succeed on his race and national origin discrimination claims, Hoang must show that: (a) he is in a protected class; (b) he suffered an adverse employment action; (c) he was qualified to assume another position at the time; and (d) Microsemi intended to discriminate based on or was motivated by his race or national origin.[1]

Hoang is Vietnamese and East Asian. Microsemi fired him. He says that he was qualified to assume another position – one of the manager positions that was not eliminated. Hoang insists that Microsemi intended to discriminate because Sheffield "observed Hoang and could see ... that he was Vietnamese." He argues that Sheffield "knew Mike Tran was Vietnamese ... and Hoang and Mike Tran have the same Vietnamese accent and facial and other features typical of Vietnamese people." Hoang also says that the other two managers who were under the reduction-in-force analysis but not fired were not Vietnamese.

Hoang's argument about intent and motivation is flimsy. To follow that the decision-makers knew that he was Vietnamese, the court is forced to accept the proposition that people look a certain race or origin and stereotype that all people of a race or nation look similar. Hoang also offers no evidence that his race or origin was even considered when the decision to fire him was made. None of the factors or sub-factors used in the RIF involved race or origin.

   B. *Age Discrimination.*

To succeed on his age discrimination claim, Hoang must show that: (a) he was fired, (b) from a position that he was qualified for; (c) he was within the

---

[1] *See Villarreal v. Texas A&M System*, 561 Fed. App'x. 355, 358 (5th Cir. 2014).

protected class at the time; and (d) Microsemi fired him because of his age.[2] Under the ADEA, age must be the "but for" cause of his firing, but, under the TCHRA, it need only be a motivating factor.[3]

Hoang was 58-years-old. The other manager who was not fired – Hinendra Somaiya – was 46. Sheffield was 48 at the time. Hoang says that Sheffield "observed Hoang and could see he was a man in his late 50s."

Sheffield and Hoang are each members of the same protected class as they are both over 40 – bolstering the inference that age was not the reason he was fired.[4]

Hoang continues to generally harp on ten years being enough of a gap for discrimination, but he does not argue any actual particulars of this case to show why the argument deserves weight. Hoang does not give much more than his subjective belief that age was a factor, which is inadequate. His "looks like" argument is equally weak as with race.

3. *Legitimate, Non-Discriminatory Reason.*

If Hoang can show *prima facie* discrimination, the burden shifts to Microsemi to give a legitimate, non-discriminatory reason for firing Hoang.[5]

Microsemi says that "Shefield reorganized the QA group and emphasize[d] automatic testing, which included eliminating one of the three QA Group manager positions." After evaluating "each relevant employee's likely future success," Microsemi decided to fire Hoang – which is a legitimate, non-discriminatory reason.[6]

---

[2] *Palasota v. Haggar Clothing Co.*, 342 F.3d 569, 576 (5th Cir. 2003).

[3] *Reed v. Neopost USA, Inc.*, 701 F.3d 434, 439 (5th Cir. 2012).

[4] *See McMichael v. Transocean Offshore Deepwater Drilling, Inc.*, 934 F.3d 447, 460-61 (5th Cir. 2019).

[5] *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142 (2000).

[6] *See Smith v. Bd. of Supervisors of S. Univ.*, 656 Fed. App'x. 30, 33 (5th Cir. 2016).

4.  *Pretext.*

If Microsemi gives a legitimate reason, Hoang must rebut by showing that the reason is pre-textual or that discrimination was still a motivating factor.[7]

Hoang gives 14 pieces of evidence to argue that Microsemi's reason was pretext:

(a) The three additional ranking subcategories that Sheffield added to the RIF were all subjective, and Hoang received the lowest rating in all three;

(b) "Sheffield manipulated the same ranking to target and terminate ... the other older, Vietnamese employee ... relying on the new subjective subcategories;"

(c) Sheffield's use of the RIF was "highly unusual and suspicious" as he was not told to use it and was not triggered by hardship;

(d) Sheffield never gave Hoang written discipline in the areas he rated him low;

(e) The RIF contradicted Microsemi's representations to the Equal Employment Opportunity Commission;

(f) Hoang's differing performance reviews between Sheffield and the prior supervisor;

(g) The purported reason for the RIF has not been fully implemented or realized;

(h) The prior supervisor rated Hoang higher than the other manager that was retained during the RIF;

(i) Sheffield "singled out Hoang and treated him less favorable than others;"

(j) Shane Thompson's statistical analysis showed that fired employees were older than retained;

(k) All employees hired after the RIF were younger than Hoang;

---

[7] *Burrell v. Dr. Pepper/Seven Up Bottling Grp., Inc.*, 482 F.3d 408, 411-12 (5th Cir. 2007).

-4-

(l) One of the subcategories represented a stereotype of older employees;

(m) Sheffield "singled out" and yelled at Hoang; and

(n) Sheffield is "substantially younger" than Hoang.

Hoang's first two pieces complain about the subcategories used in the RIF. He raises Sheffield's involvement but leaves out that human resources – particularly director Mike Bondi – was fully involved in the process of creating, administering, and approving the RIF. Hoang offers no evidence that these factors were not tailored to the RIF's objectives.

Sheffield was hired to revamp the QA group and move it forward in an evolving world. After observing the group, Sheffield determined that only one manual test manager was needed. Hoang's objections to Microsemi's use of the RIF process seeks to challenge its business decisions which the court cannot do.

The fact that Hoang did not receive written discipline is irrelevant. The RIF did not determine that he was a bad or incapable employee – just that he was the least capable of the three. Great employees can be let go for many different legitimate business reasons. Without evidence of prior animus, this argument is weak.

Hoang's complaints about Microsemi's alleged contradictions in the past are also weak. His picking and choosing of statements out of context does not create a fact issue.

Any reference to Hoang's prior supervisor is irrelevant. The RIF considered forward looking goals. Past evaluations may show that he was a good employee under an old regime. However, the old regime had different goals and focus, and this makes those evaluations stale.

Hoang also tries to pinpoint a few instances where he believed that Sheffield was "singling him out." He can only support with his own declarations and testimony but gives no objective evidence to support. His cherry-picking of Sheffield's deposition only further weakens these arguments.

As Thompson's statistical analysis looked at employees at Microsemi beyond the ones similarly-situated to Hoang, the foundation for it is weak. The age of certain categories of employees can very greatly – managers will intrinsically be older than lower level employees as experience is a key factor. This evidence can only have minimal value as the underlying data is shaky. The evidence relating to after-hired employees is equally weak as it struggles with the same underlying data problems.

Hoang's stereotyping subcategory argument has merit in theory, but it is partially based on his subjective disagreement with his evaluation. Objective evidence is what drives these cases.

Sheffield may be ten years younger than Hoang, but both are comfortably within the same protected class. This fact alone is insufficient to create a genuine fact issue of pretext.

Hoang glosses over other key pieces of evidence that counter his pretext argument. Sheffield was recruited by a Vietnamese man who was over 40 years-old. He based this recommendation on Sheffield's merits and testified that he would not have done so if he thought Sheffield held any bias toward Vietnamese people. Hoang also gives no evidence that Sheffield was aware that he was Vietnamese or in his 50s. His subjective belief about his own appearance is insufficient.

Hoang cannot show – even looking at all of the evidence in its totality – that Microsemi's reason is false and based on his race, national origin, or age. His discrimination claims fail.

5. *Conclusion.*

Tam Hoang will take nothing from Microsemi Corporation and Microchip Technology, Inc.

Signed on December **21**, 2021, at Houston, Texas.

_____
Lynn N. Hughes
United States District Judge