United States District Court
Southern District of Texas
**ENTERED**
March 27, 2025
Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| TAM HOANG, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:19-CV-01971 |
| | § | |
| MICROSEMI CORPORATION | § | |
| and MICROCHIP TECHNOLOGY | § | |
| INCORPORATED, | § | |
| | § | |
| Defendants. | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

In this employment-discrimination case, Tam Hoang sued his former employer, Microsemi Corporation, and its parent company, Microchip Technology Incorporated (together, "Microsemi"), claiming that Microsemi fired him because of his age and national origin. After discovery and briefing, the court[1] granted summary judgment to Microsemi on both claims, and Hoang appealed. The Fifth Circuit affirmed summary judgment on the national-origin claim but reversed on the age-discrimination claim, holding that a reasonable juror could find in Hoang's favor. On remand, Microsemi moves for summary judgment on damages. Microsemi argues that Hoang didn't look hard enough for a new job after being fired (known as "failure to mitigate") and that the company later discovered misconduct that would have justified firing Hoang anyway (the "after-acquired evidence" defense). Hoang disputes the factual bases for both

---

[1]    Judge Lynn Hughes then presiding.

arguments and adds that Microsemi didn't sufficiently plead the after-acquired evidence defense in its Answer.   He therefore moves for judgment on the pleadings as to Microsemi's after-acquired evidence defense.

Pending before the Court are Defendants' Motion for Summary Judgment on Damages, (Dkt. No. 90), and Plaintiff's Motion for Judgment on the Pleadings as to After-Acquired Evidence, (Dkt. No. 105).   For the reasons below, the Court **DENIES** both Motions.

## I.     BACKGROUND[2]

Plaintiff Tam Hoang began working for Compaq Computers as a systems engineer in 1990.   (Dkt. No. 63-2 at 2).   Over the next 28 years, Compaq was purchased or reorganized four times.   (*See id.*); (*see also* Dkt. No. 63-3 at 3).   Microsemi acquired the company in 2016 and was later acquired by Microchip Technology Incorporated in 2018. (Dkt. No. 63-2 at 2–3).   While working for these companies, Hoang was promoted from systems engineer to engineering manager and finally to systems-development manager in the company's quality-assurance group.   (*See id.* at 2).   In May 2017, Microsemi hired David Sheffield, age 48, as its director of the quality-assurance group.   (Dkt. No. 53-2 at 5).

---

[2]    Except where noted, this Section contains only undisputed facts, and all facts and reasonable inferences have been construed in favor of the nonmovant.  *Renfroe v. Parker*, 974 F.3d 594, 599 (5th Cir. 2020).  The Court has not weighed evidence or made credibility findings.  *Id.*

Once Sheffield took over, Hoang, then 58, received poor performance reviews for the first time in his 27 years with the company.  (Dkt. No. 63-2 at 4).  Hoang also claims that Sheffield treated him less favorably than younger employees.  (*Id.* at 3).

Sheffield eventually concluded that the quality-assurance group was overstaffed and spoke to the HR director about letting someone go.  (Dkt. No. 53-2 at 8).  Sheffield developed criteria to evaluate the three managers in the quality-assurance group.  (*See* Dkt. No. 63-4 at 33–34, 51).  The criteria included four general categories designated by company guidelines and a few more specific factors developed by Sheffield.  (*Id.*).  Hoang received the lowest possible score under all the factors that Sheffield created.  (*Id.* at 35–36, 69).  On January 23, 2018, Microsemi fired Hoang.  (Dkt. No. 63-2 at 4).

Hoang sued Microsemi for age and national-origin discrimination.  (Dkt. No. 1 at 5–7).  The court granted summary judgment for Microsemi on all of Hoang's claims, (Dkt. No. 69), and Hoang appealed, (Dkt. No. 72).  The Fifth Circuit affirmed summary judgment on Hoang's national-origin claim, *Hoang v. Microsemi Corp.*, No. 22-20004, 2023 WL 2346244, at *4 (5th Cir. Mar. 3, 2023) (per curiam), but reversed summary judgment on the age-discrimination claim, holding that "a reasonable factfinder could conclude that Microsemi laid off Hoang because of his age," *id.*

On remand, Microsemi moves for summary judgment on damages, arguing that Hoang's damages are barred by his failure to mitigate and the after-acquired evidence doctrine.  (Dkt. No. 90).  Hoang, in turn, moves for judgment on the pleadings on the after-acquired evidence defense, contending that Microsemi did not plead the defense with enough factual particularity.  (Dkt. No. 105).

## II.     LEGAL STANDARD

### A.     SUMMARY JUDGMENT

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it could affect the suit's outcome under governing law. *Renwick v. PNK Lake Charles, LLC*, 901 F.3d 605, 611 (5th Cir. 2018) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986)). And "[a] dispute about a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *TIG Ins. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir. 2002) (quoting *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510). "When summary judgment is sought on an affirmative defense, as here, the movant 'must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor.'" *Dewan v. M-I, LLC*, 858 F.3d 331, 334 (5th Cir. 2017) (emphasis in original) (quoting *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986)).

The moving party "always bears the initial responsibility of informing the district court of the basis for its motion" and identifying the record evidence that "it believes demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). "If the moving party fails to meet [its] initial burden, the motion [for summary judgment] must be denied, regardless of the nonmovant's response." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam).

If the movant meets this burden, the nonmovant must come forward with specific facts showing a genuine issue for trial.  Fed. R. Civ. P. 56(c); *see also Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 585–87, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986). The nonmovant must "go beyond the pleadings and by [the nonmovant's] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial."  *Nola Spice Designs, LLC v. Haydel Enters.*, 783 F.3d 527, 536 (5th Cir. 2015) (quoting *EEOC v. LHC Grp., Inc.*, 773 F.3d 688, 694 (5th Cir. 2014)).  "The nonmovant must 'identify specific evidence in the record and . . . articulate the precise manner in which that evidence supports his or her claim.'" *Carr v. Air Line Pilots Ass'n, Int'l*, 866 F.3d 597, 601 (5th Cir. 2017) (per curiam) (quoting *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)), *as revised* (July 14, 2017). If evidence is merely colorable or not significantly probative, summary judgment is appropriate.  *Parrish v. Premier Directional Drilling, L.P.*, 917 F.3d 369, 378 (5th Cir. 2019) (citing *Anderson*, 477 U.S. at 249–50, 106 S.Ct. at 2511).

In reviewing a motion for summary judgment, the district court views the evidence in the light most favorable to the nonmovant.  *Carr*, 866 F.3d at 601.  This means that courts must resolve factual controversies in the nonmovant's favor, "but only when . . . both parties have submitted evidence of contradictory facts."  *Little*, 37 F.3d at 1075.

### B.     JUDGMENT ON THE PLEADINGS

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Pleadings should be construed liberally, and judgment on the pleadings is appropriate only if there are no disputed issues of fact and only questions of law remain." *Hughes v. Tobacco Inst.*, 278 F.3d 417, 420 (5th Cir. 2001). "In ruling, the district court is confined to the pleadings . . . ." *Id.* But "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). In that case, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." *Id.* "As is true of practice under Rule 12(b)(6), it is well-settled that it is within the district court's discretion whether to accept extra-pleading matter on a motion for judgment on the pleadings and treat it as one for summary judgment . . . 5C Charles Alan Wright et al., Federal Practice and Procedure § 1371 (4th ed.) [hereinafter Wright & Miller].

## III.   DISCUSSION

Both Parties seek judgment on partial defenses to damages in a case that must go to trial on liability. For the reasons below, the Court denies both Motions.

### A.     PARTIAL SUMMARY JUDGMENT

Microsemi seeks partial summary judgment on two damages defenses: (1) failure to mitigate and (2) after-acquired evidence. (*See* Dkt. No. 90 at 14–19). Microsemi argues that Hoang didn't try hard enough to find a new job (failure to mitigate) and that

Microsemi later discovered misconduct that would have justified firing Hoang anyway (after-acquired evidence). (*Id.*). Both theories raise factual questions that a jury should decide, and it makes practical sense to handle these ordinarily fact-intensive partial defenses at trial alongside liability.

### 1.    Failure to Mitigate

"[U]nder the ADEA, the plaintiff is required to mitigate damages by using reasonable efforts to obtain and maintain comparable employment following his termination." *Palasota v. Haggar Clothing Co.*, 499 F.3d 474, 486 (5th Cir. 2007) (per curiam). "In general, the duty to mitigate damages is an equitable doctrine, and means a reduction in the amount of damages, not an affirmative defense." *Carrizales v. State Farm Lloyds*, 518 F.3d 343, 350 (5th Cir. 2008) (per curiam); *see* Dan B. Dobbs, Law of Remedies § 3.9 (2d ed. 1993) (explaining the rules for minimizing damages). "Whether an injured person has mitigated his damages requires a factual assessment of the reasonableness of his conduct." *Hill v. City of Pontotoc*, 993 F.2d 422, 427 (5th Cir. 1993). Thus, whether—and to what extent—a plaintiff has failed to mitigate his damages is ordinarily a question for the jury. *See id.*

Microsemi argues that Hoang didn't mitigate his damages because he allegedly applied to only seven jobs in the first two months after being fired, then stopped searching for over twelve months before accepting a lower-paying position at Wharton County Junior College. (Dkt. No. 90 at 15–17).

Microsemi has not established "beyond peradventure," *Dewan*, 858 F.3d at 334— that is, with absolute certainty—that Hoang failed to make reasonable efforts to obtain

substantially equivalent employment.  Hoang has presented evidence that he continued his job-search efforts throughout the year, spent time acquiring new skills, and eventually secured employment at Wharton County Junior College.  (*See* Dkt. No. 108-1 at 4) ("I also applied to numerous other companies between March 2018 and May 2019."); (Dkt. No. 108-8 at 6–8).  Whether these efforts were reasonable under the circumstances is a fact question for the jury to consider if it finds Microsemi liable.  *See Hill*, 993 F.2d at 426–27. And even if Microsemi proves that Hoang's efforts weren't reasonable, it is for the jury to determine the extent to which this reduces Hoang's damages.  *See id.*  The Court therefore **DENIES** summary judgment on this issue.

## 2.    After-Acquired Evidence

"When there is after-acquired evidence that would justify a plaintiff's termination, front pay and reinstatement are not appropriate remedies, although back pay may be awarded from the date of the unlawful discharge to the date the new information was discovered." *Weeks v. Coury*, 951 F.Supp. 1264, 1274 (S.D. Tex. 1996).  "Where an employer seeks to rely upon after-acquired evidence of wrongdoing, it must first establish that the wrongdoing was of such severity that the employee in fact would have been terminated on those grounds alone if the employer had known of it at the time of the discharge." *McKennon v. Nashville Banner Pub. Co.*, 513 U.S. 352, 362–63, 115 S.Ct. 879, 886–87, 130 L.Ed.2d 852 (1995).

Defendants contend that, during discovery, they learned that Hoang had copied Microsemi emails containing confidential information to a personal USB drive without permission.  (Dkt. No. 90 at 14).  Hoang responds that he saved these emails to document

Sheffield's discriminatory conduct toward him and that he disclosed them only to his lawyer. (Dkt. No. 108-1 at 4); (Dkt. No. 108-8 at 5).

Microsemi has not established as a matter of law that it would have fired Hoang for saving company emails to a USB drive. *See Dewan*, 858 F.3d at 334. The evidence shows that: (1) Microsemi's confidentiality policy did not explicitly prohibit saving files, only disclosure to outside parties,[3] (Dkt. No. 108-11 at 12); (2) no employee has ever been fired or even disciplined for saving company information, (*id.* at 7); (3) the two employees who violated the policy by *disclosing* information to outside parties were disciplined, not fired, (*id.* at 6); and (4) Microsemi never investigated whether other employees engaged in similar conduct, (*id.* at 8). Given these facts, it is for a jury to determine whether Hoang's conduct was of "such severity" that he "in fact would have been terminated *on those grounds alone* if the employer had known of it *at the time of the discharge*." *McKennon*, 513 U.S. at 362–63, 115 S.Ct. at 886–87 (emphases added). And even if Microsemi prevails on this defense, it would only reduce Hoang's damages, not eliminate them. *See id.* The Court thus **DENIES** summary judgment on this issue.

## B.   JUDGMENT ON THE PLEADINGS

Hoang moves for judgment on the pleadings, claiming that Microsemi didn't plead sufficient facts to support the after-acquired evidence defense in its Answer. (Dkt.

---

[3]    The Court agrees with Hoang that, even if the disclosure of these emails to his lawyer "for purposes of this lawsuit" violated the confidentiality policy, (Dkt. No. 108-8 at 4), it happened after Hoang was fired, *see Vaughn v. Sabine County*, 104 F.App'x 980, 988 (5th Cir. 2004) (holding that events occurring after the discriminatory conduct are not relevant to the after-acquired evidence defense).

No. 105 at 1–2).  Microsemi responds that it was not required to plead affirmative defenses with factual specificity, but only to give Hoang fair notice.  (Dkt. No. 115 at 7–8).  The Court agrees with Microsemi.  Microsemi's Answer affirmatively stated the after-acquired evidence defense and gave Hoang fair notice that the defense was being asserted.  And in any event, waiver of an affirmative defense is a fact-intensive inquiry.  *See Mission Toxicology, LLC v. Unitedhealthcare Ins. Co.*, 499 F.Supp.3d 350, 368 (W.D. Tex. 2020).

"[T]he majority of courts have rightly held that Rule 8(c) does not warrant the extension of the *Twombly* and *Iqbal* standard to affirmative defenses."  5 Wright & Miller, *supra*, § 1274.  That is because, while Rule 8(a)(2) requires a "*showing* that the pleader is entitled to relief," Rule 8(c)(1) requires a defendant merely to "affirmatively *state* any avoidance or affirmative defense."  Fed. R. Civ. P. 8 (emphases added).  "Given that *Twombly*'s plausibility standard is based on an interpretation of Rule 8(a)(2)'s requirement of a 'showing' of entitlement to relief—a requirement that Rule 8(c) lacks—those courts declining to apply the plausibility standard to the pleading of affirmative defenses have the better view."  5 Wright & Miller, *supra*, § 1274.  To that end, though the Fifth Circuit has not explicitly resolved the issue, the authority in this District "weighs heavily in favor of finding that affirmative defenses are subject to a fair notice pleading standard."  *Morgan v. Goodman Mfg. Co.*, No. 4:19-CV-00850, 2021 WL 1169390, at *10 (S.D. Tex. Mar. 10, 2021) (collecting cases), *report and recommendation adopted sub nom. Morgan v. Goodman Mfg. Co., Inc.*, No. 4:19-CV-00850, 2021 WL 1166756 (S.D. Tex. Mar. 26, 2021); *see also Alanis v. SES Holding, LLC*, No. 5:14-CV-00170, 2015 WL 12781044, at *1 (S.D. Tex.

May 11, 2015) ("The Fifth Circuit continues to apply the lower 'fair notice' standard to defensive pleadings post-*Twiqbal*." (citing *Garrison Realty, L.P. v. Fouse Architecture & Interiors, P.C.*, 546 F.App'x 458, 465 (5th Cir. 2013) (per curiam)).

Microsemi's Answer "affirmatively state[d]," Fed. R. Civ. P. 8(c)(1), the after-acquired evidence defense, (Dkt. No. 12 at 8). Microsemi's Answer provided that "Plaintiff's claims are barred by the doctrines of estoppel, waiver, unclean hands, and laches and/or after-acquired evidence." (*Id.*). This statement satisfies the requirements of Rule 8(c) and the fair-notice standard. *See Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999) (recognizing that the fair-notice standard can be satisfied by "merely pleading the name of the affirmative defense"); *see also* 5 Wright & Miller, supra, § 1274 ("As numerous federal courts have held, an affirmative defense may be pleaded in general terms . . . ."). Simply put, "[t]he 'fair notice' requirement is met if the defendant 'sufficiently articulated the defense so that the plaintiff was not a victim of unfair surprise.'" *Woodfield*, 193 F.3d at 362 (quoting Home Ins. v. Matthews, 998 F.2d 305, 309 (5th Cir. 1993)). Given Microsemi's allegation that Hoang's "claims are barred by the doctrine[] of . . . after-acquired evidence," (Dkt. No. 12 at 8), it is hard to see how Hoang is a victim of unfair surprise when Microsemi argues exactly that later in the litigation, even if the allegation is filled in by facts obtained through discovery.

And while some cases suggest that merely pleading an affirmative defense by name may be insufficient where there is evidence of unfair surprise, those cases employ a "fact-specific analysis in deciding whether the plaintiff was unfairly surprised." *Id.* Here, Hoang actively engaged in discovery on the after-acquired evidence defense,

serving written discovery requests about it and examining witnesses about it during depositions.  (Dkt. No. 115-1 at 7); (Dkt. No. 115-2 at 7); (Dkt. No. 108-11 at 4–7).  He also substantively responded to the defense in opposing Microsemi's earlier summary-judgment motion, without suggesting that it had been waived or that he was prejudiced by its assertion.  (Dkt. No. 63 at 28–29).  In short, the record suggests that Hoang had not only "fair" but *actual* notice of the after-acquired evidence defense.  Only now, more than five years after Microsemi pled this defense and after extensive discovery and motion practice concerning it, does Hoang claim prejudicial surprise.  Even under the fact-specific analysis articulated in *Woodfield*, 193 F.3d at 362–63, the Court finds that Microsemi has not waived its affirmative defense.

## IV.    CONCLUSION

For the reasons above, Defendants' Motion for Summary Judgment on Damages, (Dkt. No. 90), and Plaintiff's Motion for Judgment on the Pleadings as to After-Acquired Evidence, (Dkt. No. 105), are **DENIED**.

IT IS SO ORDERED.

Signed on March 26, 2025.

**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**