United States District Court
Southern District of Texas

**ENTERED**

March 12, 2026

Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| TAM HOANG, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:19-CV-01971 |
| | § | |
| MICROSEMI CORP. et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Ex Parte motion for Extension of Time to File Notice of Appeal.[1] (Dkt. No. 202). Plaintiff requests a thirty-day extension to file his notice of appeal under Rule 4(a)(5) of the Federal Rules of Appellate Procedure because Defendants only recently filed their admitted trial exhibits and because Plaintiff's objections, (Dkt. No. 200), to Microchip's bill of costs, (Dkt. No. 198), remains pending, (Dkt. No. 202).

A district court may extend the time to file a notice of appeal for good cause. Fed. R. App. Pro. 4(a)(5)(A)(ii). Because Plaintiff did not have time to adequately review Defendants' filing of their admitted trial exhibits prior to the appellate deadline, the Court finds that there is good cause to extend the deadline. *See S&W Enters., LLC v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003) ("The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met

---

[1] While this Motion was originally filed "ex parte", the Court instructed Plaintiff to confer, and Microchip filed a Response to this Motion. (Dkt. No. 204).

despite the diligence of the party needing the extension.'") (citation omitted).  The Court

therefore **GRANTS** Plaintiff's Motion, (Dkt. No. 202), and extends the deadline to file a

notice of appeal by thirty days.[2]

It is SO ORDERED.

Signed on March 12, 2026.

_____
**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**

---

[2]    The Court notes that Plaintiff's second ground—that Defendants' Bill of Costs, (Dkt. No. 198) remains pending—does not constitute good cause as it does not toll the appellate deadline. *See Moody Nat'l Bank of Galveston v. GE Life and Annuity Assur. Co.*, 383 F.3d 249, 250 (5th Cir. 2004) ("Motions addressing costs and attorney's fees . . . are generally made pursuant to {Federal Rule of Civil Procedure] 54, are considered collateral to the judgment, and do not toll the time period for filing an appeal.").